IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| Putnam Subtrack—Fund Derivative Actions | Case No. 04-md-15863 (Judge J. Frederick Motz) |
| Lead Fund Derivative Action: *Zuber, et al. v. Putnam Investment Management LLC, et al.* | Case No. JFM-04-564 |

MEMORANDUM

Derivative Plaintiffs in the Putnam subtrack have filed a motion for a temporary stay of the proceedings pending resolution of the appeal of this Court's decision granting summary judgment dismissing the derivative action in the Janus subtrack. For the following reasons, Derivative Plaintiffs' motion to stay is granted.

I.  PROCEDURAL BACKGROUND

The Putnam subtrack of this MDL proceeding includes both investor class and fund derivative actions. Following an omnibus settlement fairness hearing held on October 21, 2010, I approved a settlement in the Putnam investor class action. (Putnam Order and Final Judgment, Nov. 15, 2010, ECF No. 3552.) The claims brought by the Putnam Derivative Plaintiffs were not part of that settlement, however, and those claims remain alive today.

The issues at the heart of the Putnam derivative action have also arisen in other subtracks of this same MDL, most notably in the Janus subtrack in the case of *Steinberg v. Janus Capital Management, LLC*, JFM-04-518. In the Janus subtrack, I issued an order granting summary judgment for the defendants and dismissing the derivative action in January 2010, (Janus

Derivative Summary Judgment Order, Jan. 20, 2010, ECF No. 3322), but that decision was appealed and, having been fully briefed, is currently pending before the Fourth Circuit. The issues at stake in the Putnam derivative action are substantially similar to those raised in *Steinberg*, and both parties acknowledge that the outcome of the pending appeal in the *Steinberg* action could be relevant to—if not dispositive of—the Putnam derivative action. Because of these overlapping issues, Derivative Plaintiffs have proposed staying the Putnam derivative action pending the outcome of the appeal.

II.     ANALYSIS

Despite recognizing the similarity of the two cases, the Putnam Defendants oppose Derivative Plaintiffs' motion to stay the proceedings in the Putnam subtrack on two grounds. First, Defendants argue that a stay of the proceedings would be unwarranted since, according to Defendants, Derivative Plaintiffs "have done little if anything to date to prosecute their case."[1] (Defs.' Opp'n at 2.) Presumably, Defendants' argument is that if Derivative Plaintiffs have not litigated their case diligently, they should not be permitted to continue to "free ride" on the work done in other subtracks. Second, Defendants argue that even if a stay were appropriate, the "blanket stay" proposed by Derivative Plaintiffs is unreasonable. (*Id.* at 3.) Instead, as a condition of staying proceedings, Defendants maintain that the language of the stay order should provide that "if the result of the appeal is that proceedings against Janus in this Court are concluded, the same result would apply in this case." (*Id.*)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] Specifically, Defendants maintain that although discovery is closed in the Putnam subtrack, the Derivative Plaintiffs "did not meaningfully participate in the extensive fact and expert discovery that occurred in 2006-2008," "attended at most a few depositions," and "never have designated any expert witness." (Defs.' Opp'n at 2.)

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (same). Determining whether to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In striking this balance, courts look to factors such as the length of the requested stay, the hardship that that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation. *See, e.g.*, *Vasvari v. Rite Aid Corp.*, 09-cv-2069, 2010 U.S. Dist. LEXIS 86361, at *5 (M.D. Pa. Aug. 23, 2010); *see also Brandt v. BP PLC*, 10-cv-1460, 2010 U.S. Dist. LEXIS 70507, at *5 (D.S.C. July 14, 2010).

In this case, because the *Steinberg* case has already been fully briefed on appeal and is ready to be argued before the Fourth Circuit, the length of the stay should not be inordinate. Additionally, as Defendants themselves seem to recognize, a stay would promote judicial economy by avoiding the litigation of a set of disputed issues that the Fourth Circuit is likely to soon resolve in a similar case.[2] Finally, the proposed stay would impose little burden on Defendants, as there is no danger of spoliation of evidence, and the stay can always be lifted if emergency relief is required. *See Brandt*, 2010 U.S. Dist. LEXIS 70507, at *6. In light of the relatively short duration of the proposed stay, the clear benefit of promoting judicial economy, and the minimal burden imposed on Defendants, I will grant the Derivative Plaintiffs' motion to stay these proceedings.

The only remaining question is what conditions, if any, should be attached to the stay order. Derivative Plaintiffs contend that the conditions attached to Defendants' proposed stay

---

[2] Even if the Fourth Circuit's eventual decision in *Steinberg* is not applied *in toto* to the instant action, it is reasonable to assume that "the parties will probably be able to agree quickly as to what issues, if any, remain to be decided in this case." (Pls.' Reply at 1.)

3

agreement, which would require plaintiffs to dismiss their suit if the Fourth Circuit affirms the dismissal of the Janus action, are unreasonable because the Janus derivative plaintiffs have "raised many issues on appeal, creating dozens of possible combinations of rulings." (Derivative Pls.' Reply at 1.) Thus, "there is no way to know for certain what effect the Fourth Circuit's ruling will have on this case," and agreeing to be bound by Fourth Circuit's decision in *Steinberg* would "present unacceptable risks for the plaintiffs." (*Id.*) I am persuaded by this argument, and for that reason I will not condition the stay order on a requirement that Derivative Plaintiffs dismiss their case if *Steinberg* is affirmed.[3]

A separate order is being entered herewith implementing this decision.


Date: April 20, 2011                                /s/
                                                    J. Frederick Motz
                                                    United States District Judge

---

[3] Defendants also briefly argue that, consistent with a stay order previously entered in the Franklin Templeton subtrack, (Stipulation and Order Regarding Scheduling, Dec. 21, 2010, 04-md-15862, ECF No. 3995), any stay in this action should include "language allowing either party to terminate it on thirty days' written notice." (*Id.* at 4.) Derivative Plaintiffs' do not directly address this proposal, but their own proposed order omits such language. It seems to me, however, that an order permitting Defendants to terminate the stay in thirty days would defeat the purpose of entering the order in the first instance. Accordingly, I have not included an early termination provision in my order.